### (May 23, 1961)

■ In the Matter of the Claim of RONALD MILLER, Respondent, v. GREATER BUFFALO PRESS, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer from an award of the Workmen's Compensation Board insofar as it awarded double compensation under section 14-a of the Workmen's Compensation Law. The employer was engaged in the business of printing sections of newspapers. It employed claimant on October 17, 1951, when claimant furnished a proper working certificate. The accident happened on July 15, 1952, when claimant was nearly 17 years of age. Claimant was employed as a fly boy and skidder. In the last mechanical operation of the press the newspapers were automatically folded and ejected. Claimant's normal duties consisted of arranging these folded papers in neat piles and shoving them along a steel table. The performance of this operation did not require claimant to be closer than four or five feet from the folding mechanism. On the occasion in question the web of paper broke going through the press. It then became necessary to break the web again before it entered the folding mechanism to prevent loose paper from clogging such mechanism. This was supposed to be done by a pressman. Apparently claimant either attempted to break the web or pull loose paper from the mechanism and caught his hand in a roller, resulting in a crushed hand. The board at first determined that the employer had violated the Labor Law (§ 146, subd. 11), and the Industrial Code, in that claimant " was suffered or permitted to work at an unguarded, dangerous machine ". Subsequently an inspector of the New York State Department of Labor testified that there was no such violation, and the board rescinded such a finding. It then made a determination that the employer had violated subdivision 7 of section 146 of the Labor Law, which provides: " No male under eighteen years of age nor any female under twenty-one years of age

shall be employed or directed to clean machinery while it is in motion." Based upon such a violation the board again awarded double compensation. In its memorandum of decision the board merely found: "That claimant was permitted or suffered to work in violation of * * * Sect. 146, subd. 7, of the Labor Law". It did not find that claimant was "employed or directed" to clean machinery while it was in motion, as required by subdivision 7. In an obvious attempt to correct this failure to make a finding that claimant was "employed or directed", the formal findings of fact recite in the disjunctive that claimant "was employed, suffered or permitted or directed to clean machinery while it was in motion." Consequently the finding is inadequate in any event, because we are unable to tell which of the disjunctives were actually found, and, as indicated, "suffered or permitted" is not enough under subdivision 7. Moreover, even assuming that whatever claimant was doing could be properly characterized as cleaning machinery, there is no evidence whatever in the record that claimant was employed or directed to do so. Award reversed insofar as it awards double compensation against the employer, with costs to appellant against the Workmen's Compensation Board, and the matter is remitted to the board for a proper award. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.